**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1722**

JUDITH SAMS, individually and on behalf of a class of
similarly situated persons,

Plaintiff – Appellant,

v.

ENTRUST ARIZONA, LLC, now known as Vantage Retirement
Plans, LLC; THE ENTRUST GROUP, INC.; ENTRUST
ADMINISTRATION, INC.; HUGH BROMMA; FIRST TRUST COMPANY OF
ONAGA; MECHANICS BANK; JUAN PABLO DAHDAH,

Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  J. Frederick Motz, Senior District
Judge.  (1:13-cv-01311-JFM)

Submitted:  January 15, 2015          Decided:  February 4, 2015

Before GREGORY, AGEE, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis M. Leibowitz, LAW OFFICES OF LOUIS M. LEIBOWITZ,
Rockville, Maryland; David K. Dorenfeld, Michael Brown, SNYDER
DORENFELD, LLP, Agoura Hills, California; Cathy J. Lerman, CATHY
JACKSON LERMAN, PA, Coral Springs, Florida, for Appellant.
Mark E. Terman, Joseph C. Faucher, DRINKER BIDDLE & REATH LLP,
Los Angeles, California; Brian A. Coleman, DRINKER BIDDLE &
REATH LLP, Washington, D.C., for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Judith Sams, on behalf of a class of similarly situated persons, appeals the district court's order dismissing her complaint for failure to state a claim. Sams' suit alleged conversion and breach of contract/rescission claims against The Entrust Group, Inc., Entrust Administration, Inc., Entrust Arizona, Inc. (now known as Vantage Retirement Plans, Inc.), Mechanics Bank, and First Trust Company of Onaga; and fraudulent concealment, civil RICO, breach of fiduciary duty, and constructive fraud claims against the aforementioned parties, as well as Hugh Bromma and Juan Pablo Dahdah. The district court held that Sams could not state a claim for (1) conversion, because the Defendants did not exercise dominion or control over Sams' investments, and money is not the proper subject of a conversion action under Maryland law; (2) civil RICO violations, because there was no causal connection between the Defendants' allegedly improper conduct and Sams' damages; (3) breach of contract, because the Defendants actually complied with the contract terms; or (4) breach of fiduciary duty or (5) fraudulent concealment, because the Defendants owed no duty to Sams. We affirm the district court's judgment.

In 2007, Sams opened a self-directed individual retirement account (SDIRA), through which she invested with Mike Watson, the manager of an alleged Ponzi scheme. The Defendants

3

either are, or are associated with, the custodians and/or administrators of Sams' SDIRA.

We review "de novo the grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim." Epps v. JP Morgan Chase Bank, N.A., 675 F.3d 315, 320 (4th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

First, Sams challenges the district court's basis for dismissing her breach of contract/rescission claims. Our review of the record confirms that Sams identified neither a provision of the contract that Appellees breached nor grounds for rescinding the contract. Accordingly, we conclude that the district court did not err in dismissing these claims.

Second, Sams argues that the district court wrongly dismissed her conversion claims. Initially, we note that Sams has failed to challenge the district court's holding that money is not the proper subject of a conversion action under Maryland law. Therefore, she has waived review of this issue on appeal. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (holding that failure to raise issue in opening brief forfeits appellate review).

4

In any event, our review of the record shows no evidence that Appellees physically exercised ownership or dominion over Sams' property. See Darcar Motors of Silver Spring, Inc. v. Borzym, 841 A.2d 828, 835-36 (Md. 2004) (noting that such showing is required to state claim for conversion in Maryland). We therefore hold that the district court properly dismissed Sams' conversion claims.

Finally, Sams contends that the district court should not have dismissed her fraudulent concealment, constructive fraud, or breach of fiduciary duty claims. But we have reviewed the evidence and agree that Sams presents no basis on which to find that Appellees owed a duty to Sams. See Patton v. United States of Am. Rugby Football, 851 A.2d 566, 574 (Md. 2004) (explaining that, under Maryland law, "[t]he element of dependence and ceding of self-control by the injured party" must usually be present for one to owe duty to prevent harm by third party). We thus conclude that the district court properly dismissed Sams' fraudulent concealment, constructive fraud, and breach of fiduciary duty claims.

For the foregoing reasons, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented

5

in the materials before the court and argument would not aid the decisional process.

AFFIRMED